DIXIE FROZEN FOODS & STORAGE, INC., a corporation, v. W. F. COX and JEWELL B. COX, trading and doing business as SOUTHERN PACKING COMPANY.

27 So. (2nd) 672
October 29, 1946

June Term, 1946
Division A

*Charles O. Andrews, Jr.,* and *Terry B. Patterson,* for appellant.

*George P. Garrett, Donald Walker* and *J. Lewis Hall,* for appellees.

ADAMS, J.:

This judgment was recovered for breach of an implied warranty to keep meat under refrigeration.

The pleas asserted, in substance, that the meat was spoiled when accepted by defendant; that the spoilage did not increase while in storage and at no time did it breach any duty to plaintiff by allowing the temperature to rise or in any other manner cause the damage.

When the case came on for trial it became apparent to the trial judge that the value of the meat was not in controversy; that the only question for the jury to decide was the breach of the implied warranty to safely keep the meat under refrigeration. Accordingly, the trial judge instructed the jury to find for the full value of the meat should they find for the plaintiff.

The first error claimed is failure to allow the jury to determine the amount of damages in event of their finding for

plaintiff. Under the evidence we find no error in this ruling. At that time the office of Price Administration maintained a ceiling price on meat and it was admitted that the ceiling price would determine its value. In fact, there was no evidence to require the submission of this issue to the jury.

Harmful error is also claimed for receiving testimony, some three or four days after the meat was condemned, to the effect that the temperature in the plant was allowed to rise. We find no merit in this contention. Defendant was doing a general cold storage warehouse business, pursuant to Chapter 678, Acts of 1941. Its duty was to exercise such care as a reasonably careful owner of similar goods would exercise. Sec. 678.21, Fla. Stat., 1941, F.S.A. The jury had ample evidence to find that the meat was in good condition when delivered to defendant. Several weeks later an inspector for the Department of Agriculture of Florida made an inspection and found it spoiled. The evidence is not clear just when the whole lot of meat was actually examined and condemned. It may be possible that evidence was received after the meat was spoiled, yet when we read the evidence as a whole we cannot say the judgment of the trial judge was clearly wrong when he approved the verdict.

The most persuasive element which stands out is that defendant was in the business of keeping products of this kind. It was not compelled to take the commodity. When it did so, it was put on notice to ascertain the condition of the meat and after accepting it and retaining it for a period of weeks it is only reasonable that a strong showing would be required to avoid liability. Defendant occupied a more advantageous position to offer evidence of damage. The jury had a right to infer that the meat was not damaged when accepted. If due care had been exercised the probabilities are it would not have spoiled. There was evidence of leaks in the coils which indicated defective refrigeration. We cannot say that evidence of a high temperature shortly after the meat was condemned did not aid the jury in passing on the case. We certainly cannot say that it was harmful error.

Finding no error in the judgment, it is affirmed.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.